**SINCLAIR OIL CORPORATION, a Wyoming corporation, Plaintiff-counter-defendant-Appellee,**

v.

**AMOCO PRODUCTION COMPANY, a Delaware corporation, Defendant-counter-claimant-Appellant.**

No. 91–4230.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1992.

is now the Sinclair Refinery in Sinclair, Wyoming.

In 1988, Sinclair and Amoco entered into the Crude Oil Supply Agreement that is at the heart of this dispute. Under that contract, Sinclair is to pay Amoco "the highest of the prices posted by a Recognized Poster in effect at the time of delivery for Wyoming crude oil of like grade and gravity." Until 1991, the oil from Amoco's Wyoming fields had been classified as Wyoming "sour" crude oil. In February, 1991, however, several Recognized Posters subclassified Wyoming "sour" crude and began listing separate prices for Wyoming "general sour" and Wyoming "asphaltic" crude oil. Asphaltic crude oil is priced higher than general sour crude oil. Amoco and Sinclair disagreed over which of the posted prices Sinclair was required to pay. For several months, Amoco billed Sinclair at the higher rate, but Sinclair paid at the lower rate.

In August, 1991, Sinclair filed a declaratory judgment action in federal district court in Utah seeking a determination that, under the Crude Oil Supply Agreement, Amoco was improperly pricing its Wyoming field crude oil at the higher asphaltic crude oil rate. In October, 1991, Amoco responded by filing a separate action in the Second Judicial District of Carbon County, Wyoming, asserting claims under the Crude Oil Supply Agreement and a Wyoming statute. Immediately thereafter, Amoco moved to dismiss or stay Sinclair's federal declaratory judgment action. The district court denied Amoco's motion. Amoco has since answered the federal complaint and filed a counterclaim. Amoco now appeals the district court's order denying its motion to dismiss or stay the federal proceedings.

Clark Waddoups (Brian J. Romriell and Paul C. Drecksel of Kimball, Parr, Waddoups, Brown & Gee, with him on the brief), of Kimball, Parr, Waddoups, Brown & Gee, Salt Lake City, UT, for appellant.

Richard W. Giauque (Stephen G. Crockett, Stephen T. Hard, and Milo Steven Marsden of Giauque, Crockett & Bendinger, with him on the briefs) of Giauque, Crockett & Bendinger, Salt Lake City, UT, for appellee.

Before TACHA and McWILLIAMS, Circuit Judges, and O'CONNOR, District Judge.*

TACHA, Circuit Judge.

Defendant–Appellant Amoco Production Company ("Amoco") appeals an order of the United States District Court for the District of Utah denying its motion to stay or dismiss a declaratory judgment action pending the outcome of parallel litigation in Wyoming state court. Amoco bases its appeal on 28 U.S.C. § 1291. We conclude that the order of the district court is not appealable as a final decision and dismiss the appeal for lack of jurisdiction.

## I.

This appeal arises out of a contract dispute between Amoco and Sinclair Oil Corporation ("Sinclair"). In 1975, Amoco sought to acquire certain oil producing properties in Wyoming. The Federal Trade Commission feared that the acquisition would create a monopoly in that particular oil market, and thus permitted the acquisition only on the condition that Amoco would sell 100 million barrels of the crude oil produced from those properties to what

## II.

Amoco seeks appellate review pursuant to 28 U.S.C. § 1291. As a threshold matter, we must determine whether the district

---

* Honorable Earl E. O'Connor, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

court's order denying the motion to dismiss or stay is a "final decision" under § 1291.

It is clear that the district court's order is not a final decision in the technical sense. Generally, § 1291 affords appealability only when the decision " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Amoco concedes that the district court's order does not end the litigation on the merits. "[I]ndeed, the order ensures that litigation will continue in the District Court." *Id.*

Amoco instead relies on the "collateral order" doctrine articulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Cohen*, the Supreme Court recognized a practical exception to the technical construction of § 1291 for "that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225. The Court later refined the *Cohen* inquiry into this three-part test:

> To come within the "small class" of decisions excepted from the final-judgment rule by *Cohen*, the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). Jurisdiction under the collateral order exception to § 1291 is unavailable if the order fails to satisfy any of the three requirements. *Gulfstream*, 485 U.S. at 276, 108 S.Ct. at 1136.

The Supreme Court has twice addressed the collateral order doctrine in the context of motions to stay or dismiss federal litigation pending the resolution of parallel state proceedings. *See Gulfstream*, 485 U.S. at 271, 108 S.Ct. at 1133; *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). These cases, although arising out of coercive, rather than declaratory, actions, nevertheless lay the analytical framework for deciding the issue presented by this case.

In *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, the Court determined that an order *granting* a motion to stay parallel federal litigation under the *Colorado River* doctrine [1] *is* appealable under § 1291. 460 U.S. at 12–13, 103 S.Ct. at 935. In so deciding, the Court focused on the first *Cohen* criteria—that the order conclusively determine the disputed question—and elaborated on a distinction it had drawn in *Coopers & Lybrand* regarding the conclusiveness of interlocutory orders. In *Coopers & Lybrand*, the Court held that a class certification order under Fed. R.Civ.P. 23(c)(1) was not appealable as a collateral order because it was subject to alteration or amendment and therefore was "inherently tentative." 437 U.S. at 469 n. 11, 98 S.Ct. at 2458 n. 11. The *Moses H. Cone* Court, however, made clear that not every interlocutory order is "inherently tentative" simply because it is subject to reconsideration. Rather, "[t]he reasoning of *Coopers & Lybrand* does not reach all pretrial orders that are formally subject to revision, but only those as to which some revision might reasonably be expected in the ordinary course of litigation." *Moses H. Cone*, 460 U.S. at 12 n. 14, 103 S.Ct. at 935 n. 14. The Court went on to hold that the order granting stay of the federal pro-

---

**1.** In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court held that, despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," abstention from hearing duplicative coercive litigation is appropriate, in exceptional circumstances, "for reasons of wise judicial administration." *Id.* at 817–18, 96 S.Ct. at 1246.

ceedings was not inherently tentative because there was "no basis to suppose that the District Judge contemplated any reconsideration of his decision to defer to the parallel state-court suit. He surely would not have made that decision in the first instance unless he had expected the state court to resolve all relevant issues adequately." *Id.* at 13, 103 S.Ct. at 935.

■ In contrast to its decision in *Moses H. Cone* regarding an order *granting* a motion to dismiss or stay, the Supreme Court has held that an order *denying* a motion to dismiss or stay federal coercive proceedings pursuant to *Colorado River* was *not* appealable under § 1291. *Gulfstream*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Focusing again on whether the order "conclusively determined the disputed question," the Court returned to its distinction between the "two kinds of nonfinal orders: those that are 'inherently tentative' and those that, although technically amendable, are 'made with the expectation that they will be the final word on the subject addressed.' " *Id.* at 277, 108 S.Ct. at 1137 (citations omitted). The Court found that, because a district court might wish to await further developments or gauge the progress of the state court proceedings, an order denying a motion to stay does not necessarily imply that the court has made a final resolution of the issue. Indeed, the Court expressed its belief that "a district court usually will expect to revisit and reassess an order denying a stay in light of events occurring in the normal course of litigation." *Id.* at 278, 108 S.Ct. at 1137.

The specific issue in our case, while closely analogous to the issue in *Gulfstream*, appears to be an issue of first impression.[2] Amoco appeals an order of the district court denying its motion to dismiss or stay federal *declaratory judgment* proceedings pending the resolution of parallel state proceedings.

■ Amoco correctly argues that the existence of parallel state coercive and federal declaratory proceedings presents a significantly different problem for the federal district court facing a motion to dismiss or stay. The Federal Declaratory Judgments Act authorizes, but does not compel, federal jurisdiction over suits seeking declaratory relief. 28 U.S.C. § 2201.[3] Thus, unlike coercive actions, declaratory actions do not invoke the federal judiciary's "virtually unflagging obligation" to exercise its jurisdiction. Accordingly, federal courts have wide discretion in refusing to hear duplicative declaratory proceedings. *See Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273 (10th Cir.1989). Indeed, the Supreme Court has stated that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issue." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). Amoco argues that this difference—the discretion vested in the district courts to decline to hear declaratory judgment actions—enables this court to hear its appeal under the collateral order exception to § 1291. We disagree.

We do not decide whether the order in this case satisfies either the second or third *Cohen* criteria because, like the Supreme Court in *Gulfstream*, we find that the order denying stay did not "conclusively determine the disputed question." In *Gulfstream*, the Supreme Court held that an order denying a *Colorado River* motion to stay did not satisfy the first criteria because it was "inherently tentative." The

---

2. In *Terra Nova Insurance Co. Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213 (3d Cir.1989), the court held that the *grant* of a motion to stay federal declaratory proceedings is appealable under § 1291. *Id.* at 1221. Although not involving parallel state litigation, the decision relied extensively on the principles announced in *Moses H. Cone. Id.* 887 F.2d at 1218–20.

3. Section 2201 provides, in pertinent part:
    In a case of actual controversy within its jurisdiction ... any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.
    *Id.* (emphasis added).

Court so held notwithstanding the district court's "virtually unflagging obligation" to exercise jurisdiction over the duplicative coercive proceedings.

In the instant action, the district court exercised its discretion in denying the motion to stay. As in *Gulfstream*, we can expect the district court to "revisit and reassess" its order denying stay.[4] Indeed, given the greater discretion accorded the district court to dismiss duplicative declaratory proceedings, we should expect even greater emphasis on reassessment than might occur with a parallel coercive action.

In short, Amoco has identified no salient distinction between an order denying a motion to stay parallel coercive proceedings and an order denying a motion to stay parallel declaratory proceedings. In each case, the federal proceedings will continue with the expectation that the district court will revisit and reassess the necessity or desirability of duplicative proceedings as new circumstances warrant. Accordingly, the decision of the Supreme Court in *Gulfstream* controls, and we hold that this case is not appealable as a collateral order under § 1291.[5]

APPEAL DISMISSED.

---

4. While Amoco argues that the district court has "made up its mind," we do not believe that all avenues towards revision have been foreclosed. For example, the district court stated that the federal proceedings, while based on state law, had federal overtones because of the FTC's involvement. The parties vehemently disagree on whether this case implicates federal law at all. Without passing on the issue, we simply note that further proceedings may clarify the relationship between this case and federal law, and that the district court might elect to grant the motion to stay based on such a development or on any other relevant information that may arise as the case proceeds.

5. We decline to treat Amoco's appeal as an application for leave to file a petition for writ of mandamus. *See State Farm Mut. Auto. Ins. v. Scholes*, 601 F.2d 1151, 1154 (10th Cir.1979).