EWIN v BURNHAM

Docket No. 259180. Submitted September 6, 2006, at Grand Rapids. Decided September 12, 2006, at 9:05 a.m.

Thomas Burnham received a subpoena to appear for a deposition in Michigan regarding a proceeding that was pending in Texas. The Washtenaw Circuit Court, Timothy P. Connors, J., denied the respondent's motion to quash the subpoena, as well as his motion to stay the deposition pending appeal. Both this Court, in an unpublished order issued December 14, 2004 (Docket No. 259180), and the Supreme Court, 471 Mich 943 (2004), denied the respondent's motion to stay the deposition. The respondent ultimately submitted to the deposition, but requested that this Court issue a protective order to seal the deposition because the trial court erred in interpreting Michigan law to require that he submit to it.

The Court of Appeals *held*:

The trial court had the authority to order the respondent to submit to the deposition under MCL 600.1852, which authorizes Michigan courts to order a person domiciled in Michigan to submit to a deposition for use in any proceeding before a court in another state. The statute does not conflict with MCR 2.305(E), which sets forth a permissive procedure for obtaining depositions from Michigan residents for actions pending in other states. Accordingly, there is no reason to seal the deposition.

Affirmed.

PRETRIAL PROCEDURE — DEPOSITIONS — SUBPOENAS — OUT-OF-STATE PROCEEDINGS.

Michigan courts are authorized to order a person domiciled in Michigan to submit to a deposition for use in any proceeding before a court in another state (MCL 600.1852).

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *David D. O'Brien*), for the petitioner.

*Faupel & Associates* (by *Paul C. Fessler* and *Marian L. Faupel*) for the respondent.

Before: Sawyer, P.J., and Fitzgerald and O'Connell, JJ.

Per Curiam. Respondent appeals as of right the November 1, 2004, order of the trial court, which denied his motion to quash a subpoena and mandated his appearance for a deposition. We affirm.

Respondent received a subpoena to appear for a deposition in Michigan regarding matters stemming from a presuit discovery proceeding pending in Tarrant County, Texas. Respondent moved to have the subpoena quashed. When his motion was denied, he immediately moved for a stay of his deposition pending appeal. Respondent also filed an appeal from the order denying his motion to quash. When his motion for a stay was denied by the trial court, respondent moved both this Court and the Michigan Supreme Court to stay the deposition until his appeal could be heard. These motions were denied. *Ewin v Burnham*, 471 Mich 943 (2004); *Ewin v Burnham,* unpublished order of the Court of Appeals, issued December 14, 2004 (Docket No. 259180). Respondent ultimately submitted to the deposition. Consequently, he is no longer asking this Court to quash the subpoena, but he requests that this Court seal the deposition, pursuant to a protective order, so that it cannot be used in any legal proceedings. MCR 7.216(A)(7) permits this Court to "at any time, in addition to its general powers, in its discretion, and on the terms it deems just," "enter any judgment or order or grant further or different relief as the case may require." Thus, we consider defendant's issue regarding the propriety of the subpoena and order to appear for deposition, and the relief now requested.

On appeal, respondent contends the trial court should have granted his motion to quash the subpoena

because it violated his rights. Specifically, he argues that the trial court erred as a matter of law in interpreting Michigan law to require that he submit to the deposition.

The interpretation and application of statutes is a question of law that we review de novo. *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 631; 563 NW2d 683 (1997). The interpretation and application of court rules is also a question of law that is reviewed de novo, and the rules of statutory interpretation are applied. *Hinkle v Wayne Co Clerk*, 467 Mich 337, 340; 654 NW2d 315 (2002). Where statutory language is clear and unambiguous, judicial construction is precluded. *Auto-Owners Ins Co v State Farm Mut Auto Ins Co*, 187 Mich App 617, 618; 468 NW2d 317 (1991). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004).

This Court must "consider both the plain meaning of the critical word or phrase as well as 'its placement and purpose in the statutory scheme.' " *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999), quoting *Bailey v United States*, 516 US 137, 145; 116 S Ct 501; 133 L Ed 2d 472 (1995). "The Court may not assume that the Legislature inadvertently made use of one word or phrase instead of another." *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000).

Respondent maintains that a Michigan court cannot issue a subpoena based on Tex R Civ P 202.1. Rule 202.1 dictates that, in order to effectuate a subpoena before a suit is filed, a party may petition the court for an order authorizing the taking of a deposition: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to

investigate a potential claim or suit. In Michigan, MCR 2.305(E) permits depositions to be taken of Michigan residents when actions are pending in another state. It provides:

> Action Pending in Another State, Territory, or Country. An officer or a person authorized by the laws of another state, territory, or country to take a deposition in Michigan, with or without a commission, in an action pending in a court of that state, territory, or country may petition a court of record in the county in which the deponent resides, is employed, transacts business in person, or is found, for a subpoena to compel the deponent to give testimony. The court may hear and act on the petition with or without notice, as the court directs.

Petitioner argues that there was no "action" pending in Texas and, thus, the Michigan court could not grant petitioner's petition for a subpoena even though the Texas court authorized petitioner to seek respondent's deposition. We disagree.

MCR 2.305(E) must be read in accordance with the Uniform Interstate and International Procedure Act, which Michigan has adopted and codified at MCL 600.1852. This statute "establishes a clear procedure for deposing residents of Michigan in actions pending in other states." *Commercial Union Ins Co v Cannelton Industries, Inc*, 828 F Supp 504, 508 (WD Mich, 1993). MCL 600.1852(2) states:

> Any court of record of this state may order a person who is domiciled or is found within this state to give his testimony or statement or to produce documents or other things for use in a proceeding in a tribunal outside this state. The order may be made upon the application of any interested person or in response to a letter rogatory and may prescribe the practice and procedure, which may be wholly or in part the practice and procedure of the tribunal outside this state, for taking the testimony or statement or

producing the documents or other things. The order shall be issued upon petition to a court of record in the county in which the deponent resides or is employed or transacts his business in person or is found for a subpoena to compel the giving of testimony by him. The court may hear and act upon the petition with or without notice as the court directs. To the extent that the order does not prescribe otherwise, the practice and procedure shall be in accordance with that of the court of this state issuing the order. The order may direct that the testimony or statement be given, or document or other thing produced, before a person appointed by the court. The person appointed shall have power to administer any necessary oath. A person within this state may voluntarily give his testimony or statement or produce documents or other things for use in a proceeding before a tribunal outside this state.

The statute and the court rule are not in conflict. The court rule provides a procedure whereby a person authorized by another state to take a deposition in Michigan in an "action" pending in that state may petition a court of this state for a subpoena to compel the deponent to give testimony. MCR 2.305(E). The word "may" is permissive. *Gulley-Reaves v Baciewicz*, 260 Mich App 478, 485; 679 NW2d 98 (2004). Thus, the court rule provides a non-mandatory procedure for obtaining Michigan depositions for "actions" pending in other states. The language of the court rule does not, in any way, limit the ability of a foreign party to obtain a subpoena for a deposition of a Michigan resident for purposes of a lawful proceeding, short of a filed action, in a foreign state. The statute, MCL 600.1852, provides authority to courts in this state to order persons in this state to give testimony for use in "any proceedings" before tribunals outside this state. Because the statute and the court rule do not conflict, this Court does not have to determine whether the statute is an attempt to usurp our Supreme Court's authority to control prac-

tice and procedure in our courts. *Muci v State Farm Mut Auto Ins Co,* 267 Mich App 431, 442; 705 NW2d 151 (2005).

MCL 600.1852 explicitly uses the term "proceeding" instead of "action." Thus, by its plain language, it authorizes courts in this state to order a person domiciled in Michigan to submit to a deposition for use in "any proceeding" before a court in another state. In Michigan, a "proceeding," in a general sense, is " 'the form and manner of conducting juridical business before a court or judicial officer.' " *People v Bobek,* 217 Mich App 524, 530; 553 NW2d 18 (1996), quoting Black's Law Dictionary (6th ed). A "proceeding" "apparently encompasses all matters brought before a court in a specific judicial action." *Id.* In Texas, a Rule 202.1 procedure is a proceeding as defined by Michigan law. The procedure, authorized by Texas law, provides access to Texas courts to perform specific judicial actions before suit. The presuit procedure is a sanctioned court proceeding, a step in the judicial process. Because MCL 600.1852 authorized the trial court herein to order respondent to testify for use in the Texas proceeding, we find no error that would require defendant to obtain relief by way of sealing the deposition pursuant to a protective order.

We also find no alternative ground to rule in favor of respondent. We reject respondent's argument that because he had no forum in which to assert objections to the procedure, he was deprived of his due process rights. First, respondent had ample opportunity to make arguments before the courts of this state. Second, we find that respondent has abandoned his claim that any relevancy objections could not be ruled on by our courts. An appellant may not argue error and leave it to this Court to discover and rationalize the basis for that error. *Mudge v Macomb Co,* 458 Mich 87, 105; 580 NW2d 845 (1998).

Further, we find it unnecessary to address respondent's claim that the Full Faith and Credit Clause, US Const, art IV, § 1, does not apply to this case. The trial court did not rely on that clause in ordering respondent's deposition and it was not an issue in the trial court.

Affirmed.