*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ROBERT W. ASHCRAFT TRUST.

SUSAN J. NAZEM,

                Appellant,

v

WILLIAM B. ASHCRAFT, Trustee of the ROBERT W. ASHCRAFT TRUST,

                Appellee.

FOR PUBLICATION
March 10, 2026
10:03 AM

No. 372846
Wayne Probate Court
LC No. 2021-870021-TV

Before: FEENEY, P.J., and GARRETT and BAZZI, JJ.

BAZZI, J.

Appellant, Susan J. Nazem, appeals as of right the trial court's order denying her petition for attorney fees and costs. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from the proposed final distribution of the Robert W. Ashcraft Revocable Living Trust (the Trust) by one of the current trustees, Robert B. Ashcraft. Appellant, who is the sister of appellee William B. Ashcraft, was originally a co-trustee, and controlled a cottage in Port Hope, Michigan, the last physical asset of the Trust. In November 2021, Robert and appellee[1] became aware that a property tax bill for the cottage had not been paid and after an investigation, they voted to remove appellant as a trustee pursuant to Section 3.5 of the Trust. Appellant petitioned the probate court as to whether the Ashcraft brothers may remove her as a trustee, and on January 12, 2022, the trial court found that the language of the Trust permitted a majority of

---

[1] Hereafter referred to as the Ashcraft brothers.

beneficiaries to vote and remove appellant. The cottage was sold in May 2022, and the proceeds of the sale were put into the Trust.

In August 2022, the Ashcraft brothers delivered a proposed final distribution schedule to appellant indicating that they sought to reduce appellant's share of the proceeds from the cottage by $35,137.50, charging her $3,937.50 for the cost of defending against her first petition, and $31,200 in rent for the 39 months of her or her daughter's use of the cottage. The Ashcraft brothers did not previously provide any written or oral notice to appellant or her attorney of their decision to charge rent against her share of the Trust until the August 2022 proposed final distribution. On October 20, 2022, appellant filed another petition with the probate court challenging the proposed final distribution. The trial court then took supervision of the Trust, and after discovery and an evidentiary hearing, ruled on May 28, 2024, that appellant had breached her fiduciary duty as a co-trustee by using the cottage and allowing her daughter to use the cottage without payment of rent to the Trust for a period of 55 days. The trial court held that because the facts established that appellant and her daughter used the cottage for 55 days, she would be surcharged for two months of rent in the amount of $1,600, in addition to $812.50 in dispossession fees, and $3,937.50 for the Ashcraft brothers' attorney fees in defending against her original petition regarding the breach of fiduciary duty claim. The proposed surcharge of appellant's share was reduced to a total of $6,350.00, rather than the $35,137.50 proposed by the Ashcraft brothers.[2]

On May 29, 2024, appellant filed a petition, requesting that the Trust pay appellant's reasonable attorney fees and costs under MCL 700.7904(1). On June 18, 2024, appellee responded that MCL 700.7904(1) did not support appellant's argument, and an award of fees from the Trust was not equitable because the fees were initially incurred as a result of appellant breaching the terms of the Trust. The trial court issued an order adjourning oral argument. On July 29, 2024, appellant then filed a second petition for attorney fees and costs, raising similar arguments. On August 16, 2024, appellee responded, reiterating that MCL 700.7904(1) did not support appellant's claims.

In a hearing before the trial court on September 27, 2024, appellant argued that the whole of her attorney fees should be paid from the Trust under MCL 700.7904(1) because she protected the Trust from the Ashcraft brothers' "unclean hands," and that equity demands her attorney fees be paid if the brothers' attorney fees were also being paid by the Trust. Counsel for the Ashcraft brothers argued that there was no basis for appellant to receive attorney fees from the Trust, and that MCL 700.7904(1) did not apply because appellant did not show that she enhanced, preserved, or protected the Trust. The probate court entered an order denying appellant's petition for attorney fees and advised that the Ashcraft brothers' attorney fees would be paid by the Trust as they pertained to this petition. This appeal followed.

---

[2] The sums of the proposed final distribution and surcharge are not disputed on appeal.

## II. ANALYSIS

Appellant argues that the trial court abused its discretion when it denied her petition, that she is entitled to have her attorney fees paid from the Trust under MCL 700.7904(1), and that equity and justice require the award of attorney fees. We disagree.

Appellate courts review a probate court's decision to award attorney fees for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). Questions of statutory interpretation are reviewed de novo. *Id.* An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). A probate court's factual findings are reviewed for clear error. *In Re Stillwell Trust*, 299 Mich App 289, 294; 829 NW2d 353 (2012).

In 2010, the Legislature enacted MCL 700.7904(1) to the Michigan Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*., which featured language outlining the standard for the granting of attorney fees and costs with respect to breaches of trust. MCL 700.7904(1) states, in pertinent part:

> In a proceeding involving the administration of a trust, the court, as justice and equity require, may award costs and expenses, including reasonable attorney fees, to any party who enhances, preserves, or protects trust property, to be paid from the trust that is the subject of the proceeding.

Prior to 2010, the EPIC was silent on the matter of attorney fees being paid from trust property. However, our appellate courts addressed the issue of granting attorney fees in trust administration cases in *Becht v Miller*, 279 Mich 629, 638; 273 NW 294 (1937), and *Temple*, before the enactment of MCL 700.7904(1).

*Becht* dealt with a significant portion of trust property that had been maliciously hidden by the previous executrix. *Becht*, 279 Mich at 632. The executrix had filed a supplemental final account for the estate. *Id*. This final account was contested by the beneficiaries, and it was alleged that approximately $40,000 in bonds were missing. *Id.* at 632-633. It was discovered that the executrix was indebted $30,000 to the estate, and she was removed as executrix and ordered to pay that sum. *Id.* at 634. The Michigan Supreme Court reasoned that when litigation benefits the entire trust, and is necessary to avoid fraud, laches, or negligence, attorney fees may be paid from the trust property. *Id.* at 638. The *Becht* Court opined:

> A doctrine which permits a decedent's estate to be so charged, should, however, in our opinion, be applied with caution and its operation limited to those cases in which the services performed have not only been distinctly beneficial to the estate, but became necessary either by reason of laches, negligence, or fraud of the legal representative of the estate. [*Id*. at 638.]

In *In re Temple Marital Trust*, unpublished per curiam opinion of the Court of Appeals, issued August 9, 2005 (Docket No. 261000), pp 1-2, respondents sought to amend the original terms of the trust and partition the trust property into two parcels instead of the four equal shares initially required. The petitioner brought suit and after litigation, this Court held that the amendment partitioning the property into two parcels was invalid. *Id.* at 5. In a subsequent appeal

in this Court, petitioner argued that their attorney fees should be paid from the trust property because their litigation upheld the grantor's original intent. *Temple*, 278 Mich App at 126. This Court disagreed, reasoning that when a petitioner's litigation only benefits their own share of the trust property, they are not entitled to attorney fees paid from the trust. *Id*. at 139. In amending the EPIC on April 1, 2010, the Legislature directly addressed the issues raised in both *Becht* and *Temple* by enacting a statute, MCL 700.7904(1), that clarified when costs and fees may be awarded in trust administration matters. But neither this Court, nor the Michigan Supreme Court, have addressed when an award of costs and fees is proper under MCL 700.7904(1) in published caselaw.

Michigan has adopted the "American Rule," which provides a party may not recover attorney fees as an element of costs or damages unless a statute, court rule, or common law exception allows such a recovery. *Nemeth v Abonmarche Dev Inc*, 457 Mich 16, 37-38; 576 NW2d 641 (1998). "The goal when interpreting statutes is to give effect to legislative intent by examining the plain language of the words of the statute." *Vaughn*, 344 Mich App at 559 (quotation marks and citation omitted). "Where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *In re Petition of Attorney General for Investigative Subpoenas*, 282 Mich App 585, 591; 766 NW2d 675 (2009) (quotation marks and citation omitted). "[I]n determining the Legislature's intent, statutory provisions must be read in the context of the whole statute and harmonized with the statute's other provisions." *Walt Disney Co v Eubanks*, 345 Mich App 213, 223; 4 NW3d 797 (2023) (quotation marks and citation omitted). A trial court necessarily abuses its discretion when it makes an error of law. *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 364; 824 NW2d 609 (2012).

"MCL 700.7904(1) provided clear statutory authority for the probate court to award petitioner attorney fees and expenses to be paid from the trust if [the petitioner's] actions enhanced, preserved, or protected trust property." *In Re Kratzer Revocable Trust[3]*, unpublished per curiam opinion of the Court of Appeals, issued March 23, 2023 (Docket No. 357861), p 16. "MCL 700.7904(1) does not require an award of attorney fees and expenses from trust property whenever a party 'enhances, preserves, or protects trust property.' " *In Re Edward & Elaine Jaye Trust*, unpublished per curiam opinion of the Court of Appeals, issued June 6, 2024 (Docket No. 367580), p 21. "Instead, MCL 700.7904(1) simply authorizes a probate court to exercise its discretion when doing so may be appropriate 'as justice and equity require.' " *Id*.

The main inquiry in this case is whether the trial court abused its discretion when it denied appellant's petition for attorney fees and costs to be paid from the trust. When interpreting MCL 700.7904(1) by its plain language, it is clear that the Legislature's intent was to provide an exception to the "American Rule" of attorney fees in cases of trust administration. The plain language of the statute includes the word "may," which places the decision to award attorney fees in the discretion of the court. The word "may" is permissive. *Ewin v Burnham*, 272 Mich App 253, 257; 728 NW2d 463 (2006). As the standard of review for such a decision is an abuse of discretion, violating the statute would necessarily be an abuse of the trial court's discretion.

---

[3] "Though unpublished opinions are nonbinding on this Court, they may be persuasive or instructive." *People v Darga*, 349 Mich App 1, 13 n 2; 27 NW3d 298 (2023).

-4-

In *Becht*, 279 Mich at 632, the efforts of the petitioner and her attorney uncovered nearly $40,000 of trust property in the form of war bonds, which had been improperly hidden by the executrix of the estate. The Michigan Supreme Court determined that this was a distinctly beneficial effect to the entirety of the estate, and the Court limited its decision to award costs and fees to conduct positively affecting the entire estate rather than one interested individual, or a limited group of individuals. *Id*. at 638. *Becht* clearly provides that courts must be careful in charging a decedent's estate and should only do so in cases when a distinct benefit has been provided to the whole trust, such as avoiding "laches, negligence, or fraud." *Id*.

This case is distinguishable from *Becht*, because appellant failed to show that her actions benefited "the entire estate." Appellant argues that she illuminated improper conduct by the Ashcraft brothers and preserved Trust property from undue depletion, thus benefiting the Trust. The trial court disagreed and found on the record that appellant's actions did not meet the threshold of MCL 700.7904(1) for enhancing, preserving, or protecting Trust property when it denied her petition for attorney fees. The trial court further opined that "it's not a classic case where your efforts found property that was not in the Trust and was brought back into the Trust or you found some misappropriation of some other action that was taken by the Trustee, that enhanced or preserved the entire property."

Appellant further contends that she is entitled to attorney fees because she enforced the settlor's original intent of equal distribution, but this alone is insufficient to establish that she actually enhanced, preserved, or protected Trust property. In *Temple*, 278 Mich App at 139, the petitioner similarly argued that he was entitled to attorney fees because his litigation held the respondents to the original terms of the trust. This Court, citing *Becht*, ruled that the petitioner had not shown that he enhanced or preserved the value of the estate. *Id*. at 141. The *Temple* Court further opined that "petitioner had failed to establish an error committed by the trial court," and was thus unable to overcome the American Rule of attorney fees. *Id*. The trial court in the instant case was similarly within its discretion to deny the petition for attorney fees and costs under the plain meaning of the statute. *Id*. Even if a petitioner demonstrates that they have enhanced, preserved, or protected trust property, the plain language of "as justice and equity requires" indicates that the Legislature intended to provide probate courts full discretion in granting or denying attorney fees under MCL 700.7904(1). As appellant failed to establish a violation of the statute, or any other error or abuse of discretion, she is not entitled to relief.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Kathleen A. Feeney
/s/ Kristina Robinson Garrett