MURRAY, J.
We must decide whether the trial court abused its discretion under MCR 2.311(A) by denying defendants, K.A.M. Transport, Inc., M & Y Express, Inc., and Aly Mohamed Maarouf, an opportunity to have plaintiff, Karen Burris, submit to additional independent medical examinations (IMEs) when plaintiff had previously submitted to similar IMEs in another case involving the same alleged injuries. For the reasons articulated below, we hold that the trial court abused its discretion when it denied defendants’ motion to compel IMEs. Accordingly, we reverse and remand for further proceedings.
I. FACTUAL BACKGROUND AND PROCEEDINGS
This appeal originates from an automobile accident that occurred on September 28, 2009. On that date, *485 plaintiff was a passenger in a vehicle that was stopped for a red light at a turnaround on Southfield Road while Maarouf was driving a semi tractor-trailer in the course of his employment with K.AM. Transport and M & Y Express. Allegedly, Maarouf turned left and struck plaintiffs vehicle with substantial force. Plaintiff alleged that she suffered a serious impairment of body function and/or permanent serious disfigurement, including a closed head injury, spinal injuries, additional external and internal injuries to the head, neck, shoulders, arms, knees, back, chest and other parts of her body, as well as traumatic shock and injury to her nervous system, causing severe mental and emotional anguish in addition to more general sickness and disability, all of which interfered with her enjoyment of life and required psychiatric treatment.
In March 2010, plaintiff filed a third-party action against defendants and in October 2010, plaintiff filed a separate, first-party no-fault benefits action against AAA.[1] On December 30, 2010, defendants filed a motion to compel plaintiff to appear for IMEs by a neuropsy-chologist, a psychiatrist, and a physical medicine and rehabilitation specialist. According to defendants, plaintiff indicated that she would not attend defendants’ IMEs without a court order pursuant to MCR 2.311 because, as part of the AAA litigation, plaintiff had already appeared for IMEs by an orthopedic surgeon, a physical medicine and rehabilitation physician, a neuropsychologist, a neurosurgeon, and a dentist. Defendants argued that there was good cause to require their own IMEs because the existence and extent of plaintiffs alleged physical and mental injuries were in controversy and defendants’ “ability to select the appropriate and most skilled individuals to assist in this *486 case should not be hampered by someone else’s choice.” Moreover, defendants argued that AAA’s IMEs “were conducted in the past,” and defendants were entitled to current IMEs to determine plaintiffs present condition.
Plaintiff opposed defendants’ motion to compel arguing that good cause to require additional IMEs did not exist because defendants were attempting to “duplicate testimony” by having plaintiff undergo additional IMEs that would unfairly provide defendants with two specialty doctors that disagreed with plaintiffs treating physicians. Plaintiff maintained that defendants were entitled to their own IMEs, or the use of AAAs IMEs, but not both.
After hearing oral argument, the trial court denied the motion and offered the following rationale for doing so:
It appears that at least five independent medical examinations have already been conducted plus the other medical involved in this case. It seems to me that should be sufficient for all of the parties on the Defense side. This [sic], any additional examinations appear to be overburden-some and really puts the Plaintiff in an unfair disadvantage.
Subsequently, defendants filed an application for leave to appeal this order. Initially, we denied the application for leave to appeal “for failure to persuade the Court of the need for immediate appellate review.” Burris v KAM Transp Inc, unpublished order of the Court of Appeals, entered November 28, 2011 (Docket No. 303104). However, on October 24, 2012, our Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. Burris v KAM Transp, Inc, 493 Mich 873; 821 NW2d 570 (2012).
*487 While the application for leave to appeal with this Court was pending, the AAA neuropsychologist who had examined plaintiff died, prompting defendants to file a motion to compel an IME by a neuropsychologist. The trial court granted the motion. Additionally, plaintiffs counsel has conceded to this Court that defendants may have an IME performed on plaintiff by a psychiatrist. Thus, only the trial court’s denial of an IME by a doctor with expertise in physical medicine and rehabilitation is at issue on appeal.
II. ANALYSIS
MCR 2.311(A) provides a trial court with discretion to order a party to submit to a physical or mental examination. See Muci v State Farm Mut Auto Ins Co, 478 Mich 178, 190-191; 732 NW2d 88 (2007) (contrasting MCR 2.311(A) and MCL 500.3151). This Court reviews the trial court’s exercise of its discretion for an abuse of discretion. Swagler v Sinai Hosp of Greater Detroit, 461 Mich 959; 609 NW2d 184 (2000); Dierickx v Cottage Hosp Corp, 152 Mich App 162, 170; 393 NW2d 564 (1986) (applying GCR 1963, 311.1). The interpretation and application of court rules present a question of law that is reviewed de novo. Henry v Dow Chem Co, 484 Mich 483, 495; 772 NW2d 301 (2009).
MCR 2.311(A) states:
When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental or blood examination by a physician (or other appropriate professional) or to produce for examination the person in the party’s custody or legal control. The order may be entered only on motion for good cause with notice to the person to be examined and to all parties. The order must specify the time, place, manner, *488 conditions, and scope of the examination and the person or persons by whom it is to be made, and may provide that the attorney for the person to be examined may be present at the examination.
Here, there is no dispute that plaintiffs mental and physical conditions are in controversy. Thus, according to the plain language of the court rule, the court “may” order plaintiff to submit to physical and mental examinations by medical professionals if the court finds good cause to do so. We now turn to whether good cause existed to order the IMEs under MCR 2.311.
“In the context of our court rules, ‘[g]ood cause simply means a satisfactory, sound or valid reason[.]’ The trial court has broad discretion to determine what constitutes ‘good cause.’ ” Thomas M Cooley Law Sch v Doe 1, 300 Mich App 245, 264; 833 NW2d 331 (2013),[2] (citation omitted). Because we have not located a Michigan case that discusses good cause under this rule in the context of a request for additional medical examinations, and because the language of that court rule is similar to its federal counterpart, FR Civ P 35, we look to the cases interpreting the federal rule. Abela v Gen Motors Corp, 469 Mich 603, 606-607; 677 NW2d 325 (2004) (the decisions of the lower federal courts may provide persuasive reasoning). FR Civ P 35 states, in pertinent part:
(a) Order for an Examination.
(1) In General. The court where the action is pending may order a party whose mental or physical condition— including blood group—is in controversy to submit to a *489 physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
(2) Motion and Notice; Contents of the Order. The order:
(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.
The seminal case interpreting FR Civ P 35, and in particular the “good cause” and “in controversy” requirements of that rule, is Schlagenhauf v Holder, 379 US 104, 118-119; 85 S Ct 234; 13 L Ed 2d 152 (1964), in which the Supreme Court explained that the “good cause” and “in controversy” requirements of FR Civ P 35
are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.
Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule’s requirements of “in controversy” and “good cause,” which requirements, as the Court of Appeals in this case itself recognized, are necessarily related. This does not, of course, mean that the movant must prove his case on the merits in order to meet the requirements for a mental or physical examination. *490 Nor does it mean that an evidentiary hearing is required in all cases. This may be necessary in some cases, but in other cases the showing could be made by affidavits or other usual methods short of a hearing. It does mean, though, that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.
Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. [Citations omitted; emphasis added.]
The precise question here is whether the trial court abused its discretion when it found no good cause under the court rule to order an additional IME because: (1) the IMEs already performed for a different defendant in a related case were sufficient for defendants to use in this case and (2) the general unfairness to a plaintiff in having to oppose more than one defense expert at trial.
Turning to the federal decisions addressing whether good cause exists to order a plaintiff to undergo an additional examination, in Vopelak v Williams, 42 FRD 387 (ND Ohio, 1967), the district court ordered the plaintiff to submit to examinations by a local doctor and dentist, even though before filing suit she had previously submitted to examinations by a New York doctor and dentist at the request of the defendants’ insurance carrier. The district court noted that although FR Civ P 35 did not limit the number of examinations, a court should “require a stronger showing of necessity before it will order such repeated examination.” Id. at 389. In granting the second examinations, the Vopelak Court recognized the practical difficulty that the defendants faced in having out-of-state doctors testify, noted the *491 passage of time since the initial examination, and that there had been representations of changes in the plaintiffs physical condition. Id.
In Lewis v Neighbors Constr Co, 49 FRD 308 (WD Mo, 1969), the plaintiff—like the plaintiff in this case—contended that a second examination would unfairly benefit the defense at trial. The plaintiff filed an action against the defendant in state court and submitted to an IME under the state discovery rules. Once the action was removed to federal court, the defendant moved for another medical examination by a different physician under FR Civ P 35. While the plaintiff was willing to undergo reexamination by the same doctor who had conducted the IME two years earlier, he argued that an examination by a second physician was unfair and would allow the defendant “to obtain ‘an advantage in the Medical testimony.’ ” Id. at 309. The court granted the defendant’s request for another IME, reasoning that:
The fact that plaintiff has, in another state two years ago, been subjected to a previous examination of the same condition in another case is no bar to the granting of a second examination. Rule 35 does not limit the number of examinations. Even when an examination has been previously ordered in the same case, a subsequent examination may be ordered if the Court deems it necessary.. .. This [proposed] examination should not result in any eviden-tiary prejudice to the plaintiff when any cumulative evidence may be the subject of objection, comment, or both, by the plaintiff at the trial. [Id. at 309 (citation omitted).]
In Peters v Nelson, 153 FRD 635 (ND Iowa, 1994), the plaintiff sued the defendants, alleging intentional torts and negligence related to mental injuries suffered from child abuse. In the course of discovery, the plaintiff disclosed her medical expert, a licensed psychologist, and provided the defendants with a copy of the evalúa *492 tion. In response, the defendants sought IMEs by a psychiatrist and a neuropsychologist. Plaintiff submitted to the examination by the psychiatrist, but refused to submit to an examination by the neuropsychologist, arguing that the defendants were only entitled to one IME related to the alleged mental injuries, not two. The plaintiff also argued that there was not good cause to require a second IME and a second mental examination would be duplicative and potentially painful and dangerous. Id. at 636-637.
In granting the defendants’ request for a second IME, the trial court noted that while Rule 35 required showing good cause, the ultimate decision to order an examination, as well as which expert conducts the examination, was in the discretion of the trial court. But, the rule also did not place a limit on the number of examinations. Id. at 637, 639. Rather, “[e]ach request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances underlying the request. Even when an examination has been previously ordered in the same case, a subsequent examination may be ordered if the court deems it necessary.” Id. at 637-638. The trial court also noted that while “needlessly duplicative, cumulative, or invasive” examinations are generally not permitted, in this case, good cause to order a second IME existed because the plaintiff had placed her mental condition in controversy, there was no evidence of expert witness shopping, and the second examination was not duplicative because it was a different evaluation by a different expert who evaluated the plaintiffs alleged mental injuries. Id. at 638-639.
We conclude that the trial court abused its discretion by denying defendants’ request for an IME by a doctor *493 with expertise in physical medicine and rehabilitation. While there can be cases where it is not an abuse of discretion for a trial court to decline ordering a second IME, such as where the second examination would be duplicative, Peters, 153 FRD at 638-639, under the facts of this case, it was an abuse. Plaintiff does not argue— and the trial court did not find—that defendants request for IMEs by a doctor with expertise in physical medicine and rehabilitation would be duplicative or unnecessary. Additionally, the exams were taken in the AAA case almost three years ago, and the passage of time has been found to constitute good cause for ordering an IME, and the persistence of plaintiffs impairment is a critical issue in this case. See Vopelak, 42 FRD at 389. While it is true that AAA’s IME by a doctor with expertise in physical medicine and rehabilitation provided defendants with some ability to obtain relevant information produced for another case, Schlagenhauf, 379 US at 118, in the ordinary course defendants should be able to retain their own experts to assist in the defense of their own case, and should not normally be required to rely on experts retained by other parties in another case.
Just as importantly, the trial court’s reasoning—that allowing the examinations would be overly burdensome and place plaintiff at an unfair disadvantage at trial— does not support its conclusion. As observed by the Lewis court, plaintiffs concern about restricting the evidence presented to the jury can be addressed through motions in limine, objections, and by limiting the presentation of cumulative evidence at trial, Lewis, 49 FRD at 309, without deterring discovery. There is also a ceiling on the number of expert witnesses that a party can call at trial. See MCL 600.2164(2). Hence, precluding defendants from obtaining IMEs of plaintiff by their own expert medical physicians was not sup *494 ported by the trial court’s reasoning. For these reasons we hold that the trial court abused its discretion by denying defendants’ motion to compel an IME.
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
No costs to either party. MCR 7.219(A).
BOONSTRA, J., concurred with MURRAY, J.

 The AAA litigation was settled and dismissed in April 2012.

 In the context of no-fault benefits, “good cause” under MCL 500.3159 for a trial court to limit mental or physical examinations in a dispute “may only be established by a particular and specific demonstration of fact, as distinguished from stereotyped and eonclusory statements.” Muci, 478 Mich at 192 (quotation marks and citations omitted).