*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

*In re* EDWARD and ELAINE JAYE TRUST

---

AMIR E. ABU-AITA, Trustee/Conservator,

      Appellee,

v

KLUG LAW FIRM,

      Appellant

and

BUHL LITTLE LYNWOOD & HARRIS PLC,
FRASER TREBILCOCK DAVIS & DUNLAP PC,
HENNEKE MCKONE FRAIM & DAWES PC,
MATTHEW J. VAN EPPS, KEVIN J. WINTERS,
BYRON P. GALLAGHER JR., CINDY JAYE,
ELAINE JAYE, RAYMOND G. BUFFMYER,
GREGORY A. PRZYBYLO, CHRIS JAYE,
KAREN JAYE, AND ALLEN SCHLOSSBERG,

      Other Parties.

UNPUBLISHED
June 6, 2024

No. 363847
Eaton Probate Court
LC No. 16-052573-TV

---

KLUG LAW FIRM,

      Plaintiff-Appellant,

v

ELAINE JAYE,

      Defendant-Appellee.

No. 366714
Eaton Circuit Court
LC No. 23-000038-CZ

---

*In re* CONSERVATORSHIP OF EJ.

---

AMIR E. ABU-AITA, Trustee/Conservator,

     Appellee,

v                                                                No.   367580
                                                                 Eaton Probate Court
KLUG LAW FIRM,                                                    LC No.   2016-052296-CA

     Appellant.

---

Before:  MARKEY, P.J., and RIORDAN and CAMERON, JJ.

PER CURIAM.

In these consolidated appeals,[1] in Docket No. 363847, appellant Klug Law Firm appeals as of right the probate court's November 8, 2022 order denying its request to be paid for attorney fees and expenses from the Edward and Elaine Jaye Trust ("Jaye Trust").  In Docket No. 366714, plaintiff-appellant Klug Law Firm appeals as of right the circuit court's May 10, 2023 order granting defendant-appellee Elaine Jaye's motion for summary disposition pursuant to MCR 2.116(C)(6) and (C)(7).  In Docket No. 367580, appellant Klug Law Firm appeals as of right the probate court's August 23, 2023 order denying its request for accrued interest.[2]  In Docket Nos. 363847 and 366714, we affirm.  However, in Docket No. 367580, we remand to the probate court for further proceedings.

## I.  FACTS

On April 25, 2016, Karen Jaye filed a petition in the Eaton Probate Court, requesting that the probate court appoint her as conservator of Elaine Jaye, her mother.  According to the petition, Elaine Jaye was unable to effectively manage her property and affairs.  A supplement to the petition alleged that Elaine Jaye was born in 1926; that a similar probate case was filed in Nevada a few years earlier, which resulted in Allen Schlossberg, Cindy Jaye, and Chris Jaye being appointed co-guardians of Elaine Jaye; that Allen Schlossberg and Chris Jaye were currently co-trustees of the Jaye Trust; and that Chris Jaye "is a frequent gambler" who refuses to allow Elaine

---

[1] See *In re Edward & Elaine Jaye Trust*, unpublished order of the Court of Appeals, entered September 20, 2023 (Docket Nos. 363847, 366714 & 367580).

[2] Appellant is the only party to file a brief in these three cases.

Jaye access to funds from the Jaye Trust. The supplement requested that Chris Jaye be removed as co-guardian and co-trustee.[3]

On June 3, 2016, Chris Jaye filed a response to the petition, asserting that appellant apparently represented petitioner Karen Jaye, as well as Elaine Jaye herself, which suggested a possible conflict of interest. Chris Jaye stated that "the Petition is simply an unbridled smear campaign designed solely to have this Honorable Court impugn Chris Jaye's character" and that the petition should be denied.

On February 1, 2017, the parties executed a stipulated order in the trust case, essentially providing that Chris Jaye and Allen Schlossberg would resign as co-trustees of the Jaye Trust so a neutral trustee could be appointed, and "objections to the accountings and/or claims for surcharges against Chris Jaye and Allen Schlossberg shall only be brought for charges due to proven embezzlement or conversion." In addition, the stipulated order stated, in relevant part:

> **IT IS FURTHER ORDERED** that the Trust will pay for the following costs and attorney's fees: the outstanding attorney fees for the Guardianship case pertaining to Klug Law Firm and Raymond G. Buffmyer PC; reimbursement of attorney fees paid by Karen Jaye to Raymond G. Buffmyer PC for the Michigan Guardianship case; outstanding attorney fees owed to Fraser Trebilcock Trebilcock Davis & Dunlap, P.C. ("Fraser") and reimbursement of attorney fees paid by Chris Jaye to Fraser for the Michigan Guardianship and Conservatorship/Trust Case; the attorney fees submitted pertaining to the Trust issues regarding this pending litigation submitted by Klug Law Firm, Raymond G. Buffmyer PC, and Bulh, Little, Lynwood & Harris, PLC; and the fees that have been incurred or will be incurred regarding the final accounting by Godfrey Wise Berg, CPAs & Advisors, LLC. Any and all such costs and fees will be submitted to the successor Trustee(s) for payment. The fees paid pursuant to this paragraph shall be paid first with priority over other attorney fees . . . .

> **IT IS FURTHER ORDERED** that any party reserves the right to petition the court for payment and/or reimbursement of attorney fees incurred for the current and past guardianship or trust matters.

> **IT IS FURTHER ORDERED** the Klug Law Firm shall no longer represent Elaine Jaye and the Eaton County Probate Court shall appoint a new independent attorney for Elaine Jaye . . . .[4]

The probate court did not enter a separate order allowing appellant to withdraw as counsel for Elaine Jaye, and appellant flagged this issue for the court in a March 2018 motion asking the

---

[3] The April 25, 2016 petition essentially initiated two cases, which will hereinafter be referred to as the "trust case" and the "conservatorship case," respectively.

[4] The stipulated order apparently was signed by Elaine Jaye herself, as well as several other parties and attorneys.

court to enter such an order. The probate court entered an order a few days later providing that appellant "is no longer the attorney for Elaine Jaye . . . ."

On June 4, 2018, Byron Gallagher was appointed as the successor trustee to the Jaye Trust.

On April 3, 2019, the probate court, Judge Thomas K. Byerley, disqualified himself, stating that "I believe, based on objective and reasonable perceptions, my continued assignment would create an appearance of impropriety." The case was reassigned to Judge Thomas J. Dignan.

On April 10, 2019, appellant filed its statement and proof of claim, asserting that it was owed $14,324.94 in attorney fees and expenses for the conservatorship case and $39,108.75 in attorney fees and expenses for the trust case, totaling $53,433.69. At about the same time, other attorneys submitted similar statements as well.

On December 19, 2019, the probate court entered an order regarding a settlement agreement that the parties negotiated off the record. The order stated, in relevant part:

> Fee Claimants under 2017 Order. The following fee claimants shall file a petition by December 30, 2019 stating their claim and then present evidence at an evidentiary hearing to be noticed by the Court establishing how their services benefitted the Trust, Guardianship and/or Conservatorship and the reasonableness of the fee for their services:
>
> A. Klug Law Firm . . . .

On September 28, 2020, Elaine Jaye, through her conservator and counsel, Behan & Przybylo,[5] filed a response to the claims filed by the various attorneys involved in this case, stating as follows:

> 1. This Honorable Court directed any attorney seeking attorney fee approval to petition the Court.
>
> 2. The directive mandated that the attorney seeking a fee demonstrate the direct benefit to Elaine Jaye.
>
> 3. The attorneys seeking fee approval have not alleged any direct benefit to Elaine Jaye, instead, demonstrating benefits to the contingent beneficiaries and to the attorneys.
>
> 4. In fact, the attorneys representing both Elaine Jaye and the fiduciaries responsible for protecting Elaine Jaye subjected Elaine Jaye's assets that were protected by a trust to payments of the attorney fees, a detriment to Elaine Jaye, not a benefit.

---

[5] To be precise, the conservator at the time was Karen Jaye.

WHEREFORE, Elaine Jaye, through her conservator and counsel, asks This [sic] Honorable Court to deny the payment of attorney fees that were petitioned and assign payment of those fees to the very attorneys and fiduciaries responsible for protecting her.

On September 30, 2020, the probate court held a hearing on the multiple petitions for payment. The probate court began the hearing by expressing its frustration with the parties and attorneys for failure to resolve the case:

There were petitions for attorney fees. . . . I read through 'em. How many motions filed. And – and I have to say this is probably the worst trust case I've ever seen litigation and – and to which I share in responsibility for allowing these things to go on and on.

I, throughout the course of my tenure over this Trust, I'm not quite sure what level it was at when Eaton County Court discovered a conflict and I was assigned. There really has been nothing to litigate and yet there has been years and tens of thousands, if not more, of bills that are seeking to be paid or have been paid as a result of a case primarily about not much at all.

At one point I thought we had an issue. And when Ms. Jaye's competency at the time of entering into the Trust was questioned. And I – I certainly questioned that. And I specifically remember saying, okay, we'll be back in about 60 days. Bring your doctors. Bring your experts. And let's pound this thing out. And then we came to that hearing and there was no evidentiary hearing. No witnesses. Nothing pounded out.

* * *

I find that there has been nothing of substance brought to this Court. There have been representations made that, oh, we're so close to a settlement. Let's get – then I get this one inch thick settlement agreement. And within months I get motions to modify the settlement. Objection to the settlement. It's – it's been completely unnecessary.

The probate court sua sponte dissolved the Jaye Trust and appointed Amir Abu-Aita as both conservator and successor trustee for the purpose of winding up the Jaye Trust.[6] The probate court informed the parties and the attorneys that "I don't know what Ms. Jaye has left, but it belongs to her," and that all claims for payment should be submitted to Abu-Aita. The probate court entered an order a few days later memorializing its decision on the record.

Gallagher appealed the probate court's order to the extent that it dissolved the Jaye Trust and removed him as trustee, and the attorneys seeking payment filed appeals as well. This Court

---

[6] The probate court noted that it had worked with Abu-Aita on such matters before and respected his efforts.

concluded that the probate court erred by sua sponte dissolving the Jaye Trust because the probate court did not provide statutory notice and acted inconsistently with the plain language of the Jaye Trust, that the probate court failed to render sufficient statutory findings on the record to justify removal of Gallagher, and that to the extent that "the law firms on appeal make various arguments about why their claims should be accepted and paid," the probate court should "address these issues on remand." *In re Edward & Elaine Jaye Trust*, unpublished per curiam opinion of the Court of Appeals, issued February 24, 2022 (Docket No. 355321), pp 5-6. Further, this Court declined to reassign the case to a different judge on remand, noting as follows:

> Judge Dignan made several strong comments at the September 30, 2020 hearing when he terminated the trust. The comments were directed at *all* the parties and attorneys; no one was singled out. Reviewing the voluminous record in this lengthy and highly contentious matter, we can understand Judge Dignan's frustrations and concerns. The glut of lawyers making substantial claims in this dwindling estate undoubtedly perturbed the court and complicated the proceedings. A strong hand was needed to control the proceedings and put it back on track. Judge Dignan's language demonstrated that he was strengthening his hand.

> We do not believe that Judge Dignan's comments revealed an inability to fairly judge and control the proceedings on remand. With a bit of verbal caution, we are confident that Judge Dignan's resolve will fairly and equitably direct this action to completion while protecting Elaine's interests. Assigning a new judge at this late date would require expending even more attorney fees so that the parties could educate the bench on the lengthy history of this case and the issues remaining. [*Id*. at 7.]

On remand, the probate court held a hearing, again ruling that Gallagher would be removed as trustee and Abu-Aita would be appointed as successor trustee. The probate court ordered Abu-Aita to submit a recommendation to the court regarding whether and to what extent the various claims of the parties and attorneys should be paid. The probate court added that "this is not going to be an analysis for me at least about whether or not the attorneys did the work. This is going to be an analysis of whether or not it advanced the cause of the Trust."

On September 21, 2022, Abu-Aita filed his recommendation. In relevant part, Abu-Aita recommended that the probate court set aside the February 1, 2017 stipulated order to the extent that it allowed each party and attorney to recover his or her attorney fees and expenses from the Jaye Trust, that the probate court instead assess each request for attorney fees and expenses for appropriateness under MCL 700.7904, and that the probate court deny appellant's claim for $53,433.69 because "[i]ts actions did not benefit the estate under MCL 700.7904."

On October 19, 2022, the probate court held a hearing on Abu-Aita's recommendation. The probate court began the hearing by offering commentary about the case:

> They say Seinfeld was the show about nothing. I ultimately found this is pretty much the case about nothing. And, with little exception, the Court of Appeals agreed. When it seemed to be at the onset of my tenure going on slowly and pointlessly, I believe the record is peppered with cautions from myself not to count

on getting paid by anybody but the ones who brought you here in terms of the lawyers. That the Court will follow the rules in terms of legal payments out of the Trust, but this is not a treadmill from which to run up a bill.

I'm – I'll tell ya something that is so illustrative of the history of this file is this. The Klug Law Firm and Raymond Buffmyer's response to the Trustee for Instructions Regarding Fees to be paid by the Trust. I'm not very – I'd say that's about three inches thick. This – this was filed 45 minutes ago. This, with expect that the Court would give it attention. As a matter of fact, I'm gonna mark this Court's Exhibit 1, so when this goes to the Court of Appeals they can see the type of pleadings and timeliness I've been dealing with for close to three years by now.[7]

With regard to the February 1, 2017 stipulated order, the probate court sua sponte set aside the provision therein regarding attorney fees and expenses:

I'm gonna set that aside on my own motion. It was ill considered at the time. I felt that we were – I was new enough to this case that I felt that we were dealing with people legitimately trying to resolve a meritorious dispute. I came to feel differently later.

* * *

[T]here also was what they used to call salted – salting a mine. That's where you go in and sprinkle gold flakes inside a – a mine to make people think there's really gold in there. They kind of salted a mine – the mine with suggestions that she had, Ms. Jaye, had Five Million Dollars in – in Nevada and somehow Chris came back as her Trustee and there's a Million and a Half Dollars. And perhaps he got his hands on the difference. That she was not mentally competent at the time that Chris represented her and – and as Trustee. That she was vulnerable that, you know, there were, you know, quite frankly, soft accusations regarding him. . . . All this kind of stuff was kind of thrown out in the air. But we never had one single piece of evidence. We never had one single medical report. . . .

Ultimately, the probate court adopted Abu-Aita's recommendations, which included denying several claims for attorney fees and expenses, including appellant's claim:

THE COURT: I – I'm going to essentially adopt the findings of Mr. Abu-Aita. I do believe he complied with MCL 700.7904, .7708, .7816, and .7817, not by way of limitations.

---

[7] Later, the probate court colorfully added that "lawyers in this case led me down the path of thinking we're right around the corner from . . . Geraldo blowing up Al Capone's tomb. . . . We finally pull the wall of the tomb off. There's nothing behind it." In other words, as stated by the probate court, the court "kept waitin' for the meat to hit the grill and it just never did."

I also believe that he clearly considered the factors at MRPC 1.5(a) as well as, I always call it the *Comerica* case. I don't remember who the other party was.

And, I'm going to –

MR. VAN EPPS:[8] I'm sorry, your Honor. Are you going to give any of us the opportunity to be heard?

THE COURT: No. The contingent beneficiaries is, you know, I – I've had an oppor – there was an opportunity to respond. I – I've read every response I've gotten. I honestly didn't get through the exhibits of this one, but I did read the substantive report. . . .

\* \* \*

Some of them did like – I will say in the Klug, Buffmyer response, that I referenced for the record, I don't know why even as Mr. Byron was quick to point out the 2017 agreement, as I look at their response, pretty much everything's dealing in 2016. I don't know why they chose to wait six years to attempt to collect their fees as opposed to attempting to get paid. They had standing to ask the court in both Nevada and in Michigan. And they've had three years to justify it on the record here.

On November 8, 2022, the probate court memorialized its opinion from the bench, ordering that appellant's claim, among other such claims, for attorney fees and expenses from the Jaye Trust is denied. The order further provided that the February 1, 2017 stipulated order "is set aside and vacated only regarding any fees to be made by the trust." In Docket No. 363847, appellant appeals this order.

Shortly after that claim of appeal was filed, on January 9, 2023, appellant filed a complaint in the circuit court against Elaine Jaye for breach of contract, alleging that she owed appellant $18,752.51 in attorney fees, expenses, and interest for the conservatorship case, $55,875.52 in attorney fees, expenses, and interest for the trust case, and accumulating seven percent interest on the outstanding balances under the "Professional Engagement Agreement" entered into by the two parties on February 2, 2016.

On February 9, 2023, Elaine Jaye, through Abu-Aita as her conservator, moved for summary disposition under MCR 2.116(C)(4), (C)(6), and (C)(7). Elaine Jaye argued that the circuit court lacked subject-matter jurisdiction because the probate court has exclusive jurisdiction over guardianship and trust matters, thus warranting summary disposition under MCR 2.116(C)(4); that another action—the probate-court action—has been initiated between the same parties involving the same claim, thus warranting summary disposition under MCR 2.116(C)(6); and that the particular claim at issue in this complaint could have been decided, or had already

---

[8] Van Epps was the attorney for Karen Jaye.

been decided, against appellant by the probate court, thus warranting summary disposition under MCR 2.116(C)(7).

On April 13, 2023, the circuit court held a hearing on the motion for summary disposition.[9] The circuit court ultimately denied the motion under MCR 2.116(C)(4) but granted it under (C)(6) and (C)(7), reasoning that "there is clearly another matter pending with the same parties," and "if I were to transfer it back to Probate Court, I would clearly run into the res judicata issue. This has been decided. It's pending in a court."

On May 10, 2023, the circuit court entered an order dismissing the complaint under MCR 2.116(C)(6) and (C)(7) for the reasons stated on the record. In Docket No. 366714, appellant appeals this order.

On June 13, 2023, appellant filed a petition in the conservatorship case claiming that it is entitled to attorney fees and expenses of $14,324.94 for its representation of Elaine Jaye in the conservatorship case and $39,108.75 in such fees and expenses for its representation of her in the trust case. In addition, appellant sought interest at an annual rate of seven percent, which represented an additional $18,172.12 at the time the petition was filed. Appellant argued that under MCL 700.5429, its claim against the conservator presumptively is allowed.[10]

On July 27, 2023, the probate court held a hearing on the petition. During the hearing, appellant argued that because it filed a proof of claim on March 20, 2019, and the conservator at the time did not object to the claim, it presumptively is allowed under MCL 700.5429. In response, Abu-Aita, through his counsel, acknowledged that the instant petition was the proper method for appellant to recover its fees and expenses, as opposed to the petition filed by appellant in the trust case and its complaint in the circuit-court case. However, Abu-Aita also acknowledged that even if appellant prevailed with regard to the instant petition, appellant was unlikely to realize significant relief because "[t]he conservatorship really doesn't have the money. The money is in the Trust." Abu-Aita argued that the probate court should not award appellant any interest, and that if the court was inclined to award appellant its attorney fees and expenses, it should "be reduced proportionately to the amount of fees that were expended to get to that point before now." Ultimately, the probate court declined to award appellant any interest and declined to rule on appellant's request for attorney fees and expenses, reasoning as follows:

> I'll go from – go backwards on this case that I was kind of shocked by the claim for interest. A lot of this relates to the Klug Firm's decision to wait for years to make any attempt to collect what they believe they are owed. . . .
>
> I also agree that I have not, as a Judge or as a private practitioner in the field of Probate, been in front of a court where you could simply submit a bill without

---

[9] The case was assigned to Judge Dignan, the presiding judge over the probate-court proceedings.

[10] As explained *infra*, this petition essentially is a claim against Elaine Jaye herself, similar to the complaint filed in circuit court. The petition sought monetary relief from assets possessed by the conservatorship estate, not assets possessed by the Jaye Trust.

any judicial approval or review of it. . . . If I look at an Eight Thousand Dollar bill for establishing a guardianship, I'm gonna set it for hearing. And I have not to date looked at a Seventy-One Thousand Dollar bill for establishing a guardianship.

The other thing I believe is that this is a third swipe at the apple. I think the Klug firm could choose its' [sic] remedy. And it has chosen to try and collect from the Trust. Last time we were here on the CZ, motion for summary, I believe the Petitioner even mentioned that they'd waited so long there was very little time left in the statute of limitations. Sorry. And that now with two matters on appeal or at least one involving the same issue, we're asked to resolve it in a third way which, you know, means there is a possibility for an equitable dipping if the Court of Appeals grants the Petitioner relief on any of the pending matters. So I approve a fee of X dollars today and then the Court of Appeals says Amir should have approved their fee when, you know, when he was handling the Trust and, you know, that just leaves a mess.

I'm gonna deny the claim for any interest. And I'm going to take under advisement the motion until we hear from the Court of Appeals because they're pretty much identical issues.

On August 23, 2023, the probate court entered an order memorializing its decision on the record. In Docket No. 367580, appellant appeals this order.

## II. DOCKET NO. 363847

In Docket No. 363847, appellant argues that (1) appellant's representation of Elaine Jaye enhanced, preserved, and protected the Jaye Trust assets, thus entitling it to reasonable attorney fees and expenses from the Jaye Trust under MCL 700.7904(1); (2) appellant's claimed fees and expenses are allowable under MCL 700.7605(1)(b) and MCL 700.7611(a); and (3) the probate court abused its discretion under MCR 2.612(1)(C)(f) when it set aside the February 1, 2017 stipulated order with respect to attorney fees and expenses to be paid by the Jaye Trust. We disagree.

### A. STANDARD OF REVIEW

A probate court's decision regarding attorney fees is reviewed for an abuse of discretion. See *In re Estate of Adams*, 257 Mich App 230, 236; 667 NW2d 904 (2003). "An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes or when the court fails to operate within the correct legal framework." *In re Guardianship of Brosamer*, 328 Mich App 267, 271; 936 NW2d 870 (2019) (quotation marks and citation omitted).

### B. MCL 700.7904(1)

MCL 700.7904(1) provides as follows:

In a proceeding involving the administration of a trust, the court, as justice and equity require, may award costs and expenses, including reasonable attorney

-10-

fees, to any party who enhances, preserves, or protects trust property, to be paid from the trust that is the subject of the proceeding.

Appellant argues that its representation of Elaine Jaye "enhance[d], preserve[d], or protect[d]" property of the Jaye Trust for the purposes of MCL 700.7904(1) and, therefore, it is entitled to attorney fees and expenses under that statute. This argument misses the mark.

Although we are unable to identify any published decision discussing MCL 700.7904(1), a straightforward reading of that statute indicates that it authorizes a probate court to award attorney fees and expenses from trust property if, in its discretion, such an award is appropriate "as justice and equity require." See *Ewin v Burnham*, 272 Mich App 253, 257; 728 NW2d 463 (2006) ("The word 'may' is permissive."). In other words, contrary to appellant's suggestion, MCL 700.7904(1) does not require an award of attorney fees and expenses from trust property whenever a party "enhances, preserves, or protects trust property." Instead, MCL 700.7904(1) simply authorizes a probate court to exercise its discretion when doing so may be appropriate "as justice and equity require." Therefore, because the probate court is not mandated to award appellant its attorney fees and expenses under MCL 700.7904(1) even if appellant enhanced, preserved, or protected trust assets, the probate court is affirmed on this issue for this reason alone.[11]

### C. MCL 700.7605(1)(b) AND MCL 700.7611(a)

MCL 700.7605(1) provides as follows:

The property of a trust over which the settlor has the right without regard to the settlor's mental capacity, at his or her death, either alone or in conjunction with another person, to revoke the trust and revest principal in himself or herself is subject to all of the following, but only to the extent that the settlor's property subject to probate administration is insufficient to satisfy the following expenses, claims, and allowances:

(a) The administration expenses of the settlor's estate.

(b) An enforceable and timely presented claim of a creditor of the settlor, including a claim for the settlor's funeral and burial expenses.

(c) Homestead, family, and exempt property allowances.

---

[11] In any event, we question whether appellant fairly assumes credit for most of the matters discussed in its brief on appeal. For example, while appellant states that it was able to "transfer jurisdiction of the Jaye Trust from Nevada to Michigan," we suspect that such an outcome would have occurred as a matter of course regardless of whether Elaine Jaye was personally represented by appellant or other counsel.

Appellant argues that because the Jaye Trust is a revocable trust, its claim for attorney fees and expenses against the Jaye Trust presumptively is allowable under MCL 700.7605(1)(b) as "[a]n enforceable and timely presented claim of a creditor of the settlor."

This argument also misses the mark. While we acknowledge that MCL 700.7605 is not a model of clarity, that statute does not apply to all claims against a settlor of a revocable trust, such as Elaine Jaye, regardless of whether the settlor is alive or deceased. Instead, that statute applies when the settlor of a revocable trust passes away, and his or her estate "subject to probate administration" is insufficient to satisfy the three enumerated obligations of MCL 700.7605(1)(a) to (c). This is why subsection (1)(a) refers to "[t]he administration expenses of the settlor's estate," subsection (1)(b) refers to "a claim for the settlor's funeral and burial expenses," and subsection (1)(c) refers to "[h]omestead, family, and exempt property allowances." All of these obligations are implicated only upon the death of the settlor. Thus, MCL 700.7605 does not apply here because—to the best of our knowledge—Elaine Jaye is not deceased, or at least she was not deceased during the lower-court proceedings.

MCL 700.7611(a) provides as follows:

> If there is no personal representative appointed for the settlor's estate and notice is given in accordance with [MCL 700.7608], the allowance or disallowance of a claim presented in the manner described in [MCL 700.7609(1)] and within a time period described in [MCL 700.7610] is governed by the following provisions:
>
> (a) The trustee may deliver or mail a notice to the claimant stating that the claim has been disallowed in whole or in part. If, after allowing or disallowing a claim, the trustee changes a decision concerning the claim, the trustee shall notify the claimant. The trustee shall not change a decision disallowing a claim if the time for the claimant to commence a proceeding for allowance expires or if the time to commence a proceeding on the claim expires and the claim has been barred. A claim that is disallowed in whole or in part by the trustee is barred to the extent not allowed unless the claimant commences a proceeding against the trustee not later than 63 days after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar. Failure by the trustee to deliver or mail to a claimant notice of action on the claim within 63 days after the time for the claim's presentation has expired constitutes a notice of allowance.

As with MCL 700.7904(1) and MCL 700.7605(1), appellant's argument with respect to MCL 700.7611(a) again misses the mark because the statute only applies upon the settlor's death. MCL 700.7611 begins with a reference to a "personal representative appointed for the settlor's estate." This only is implicated when a settlor dies. Moreover, MCL 700.7611 incorporates notice under MCL 700.7608, which refers to "the trust's deceased settlor," and the other two statutes incorporated by MCL 700.7611, MCL 700.7609 and MCL 700.7610, each refer to "the settlor's death." Thus, MCL 700.7611(a) does not apply here. See generally, *Independent Bank v Hammel Assoc, LLC*, 301 Mich App 502;836 NW2d 737 (2013) (applying MCL 700.7611 after the settlor of a revocable trust passed away).

### D. FEBRUARY 1, 2017 STIPULATED ORDER

MCR 2.612(C)(1)(f) provides as follows:

> On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

* * *

> (f) Any other reason justifying relief from the operation of the judgment.

Appellant argues that the probate court erred by setting aside the February 1, 2017 stipulated order to the extent that it allowed for recovery of attorney fees and expenses from the Jaye Trust because the extraordinary remedy of MCR 2.612(C)(1)(f) was not satisfied.[12]

Initially, we doubt that MCR 2.612(C)(1)(f) applies here because that provision refers to a "final judgment, order or proceeding." The February 1, 2017 stipulated order was not "final" but, instead, merely was one order in this ongoing saga. The more applicable court rule to the stipulation at issue here is MCR 2.604(A), which provides that "an order or other form of decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and *the order is subject to revision before entry of final judgment* adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.) Appellant does not argue that the probate court violated MCR 2.604(A) by partially setting aside the February 1, 2017 stipulated order.

Regardless, even assuming that MCR 2.612(C)(1)(f) applies here, the probate court did not abuse its discretion or otherwise err by partially setting aside the February 1, 2017 stipulated order. See *Adler v Dormio*, 309 Mich App 702, 707; 872 NW2d 721 (2015) ("This Court reviews a trial court's decision whether to set aside a judgment under MCR 2.612 for an abuse of discretion."). The provision of the order in question, as the probate court correctly observed, subjected all of the Jaye Trust assets to being raided for the continuous litigation between the parties, contingent beneficiaries, and others. Further, we agree with the probate court that it is difficult to discern any fundamental legal issue in this case. Much of the litigation in 2020, for example, concerned whether and to what extent Chris Jaye would be allowed to remotely communicate with Elaine Jaye through a telephone schedule. Yet, the February 1, 2017 stipulated order arguably allowed the parties and attorneys to recover any and all fees and expenses incurred for litigating such an insignificant matter. Moreover, with regard to appellant in particular, it is somewhat unclear why the Jaye Trust should be required to pay attorney fees and expenses for counsel to Elaine Jaye herself, in addition to such fees and expenses for counsel to her conservator, when her conservator should have been acting on her behalf in any event. Given these facts, the trial court was within its authority to partially set aside the February 1, 2017 stipulated order.

---

[12] The probate court did not cite MCR 2.612(C)(1)(f), or any other legal authority, when it partially set aside the February 1, 2017 stipulated order, although Abu-Aita cited that provision in his recommendation.

Accordingly, the probate court did not abuse its discretion or otherwise err when it failed to award appellant its attorney fees and expenses under MCL 700.7904(1), MCL 700.7605(1), or MCL 700.7611(a), nor did it abuse its discretion or otherwise err when it partially set aside the February 1, 2017 stipulated order.

## III. DOCKET NO. 366714

In Docket No. 366714, appellant argues that the circuit court erred by dismissing its complaint against Elaine Jaye under MCR 2.116(C)(6) and (C)(7). Appellant asserts that the probate-court proceedings involved its statutory entitlement to attorney fees and expenses from the Jaye Trust, whereas the instant complaint, which was filed in the circuit court, involved the separate question whether appellant was entitled to attorney fees and expenses under the contract between appellant and Elaine Jaye. Thus, appellant asserts, the adverse decision in the probate-court proceedings did not preclude the instant complaint. We disagree.

## A. STANDARD OF REVIEW

MCR 2.116(C)(6) provides that summary disposition is appropriate when "[a]nother action has been initiated between the same parties involving the same claim." "A trial court's decision to grant summary disposition under MCR 2.116(C)(6) is reviewed de novo." *Valeo Switches & Detection Sys, Inc v Emcom, Inc*, 272 Mich App 309, 311; 725 NW2d 364 (2006).

Under MCR 2.116(C)(7), summary disposition is appropriate for res judicata or collateral estoppel. See *Bd of Co Rd Comm'rs for Eaton Co v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994). "An order granting summary disposition under MCR 2.116(C)(7) is reviewed de novo on appeal." *Poppen v Tovey*, 256 Mich App 351, 353; 664 NW2d 269 (2003).

## B. DISCUSSION

With regard to MCR 2.116(C)(6), "summary disposition cannot be granted under MCR 2.116(C)(6) unless there is another action between the same parties involving the same claims currently initiated and pending at the time of the decision regarding the motion for summary disposition." *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). "[A] pending appeal is equivalent to a pending action." *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 323; 900 NW2d 680 (2017). Moreover, "for a prior action to abate a subsequent action, the two suits must be based on the same or substantially same cause of action, and as a rule the same relief must be sought." *Ross v Onyx Oil & Gas Corp*, 128 Mich App 660, 666; 341 NW2d 783 (1983) (citations omitted). That is, summary disposition under MCR 2.116(C)(6) is warranted when "[r]esolution of either action will require examination of the same operative facts." *JD Candler Roofing Co, Inc v Dickson*, 149 Mich App 593, 601; 386 NW2d 605 (1986).

We agree with appellant that the circuit court erred by granting Elaine Jaye's motion for summary disposition under MCR 2.116(C)(6). Although the probate-court proceedings that were initiated in 2016 and before this Court on appeal constituted a "pending action," see *Planet Bingo*, 319 Mich App at 323, those proceedings did not require an "examination of the same operative facts" as in the circuit-court proceedings, see *JD Candler Roofing Co*, 149 Mich App at 601. The issue involved in the probate-court proceedings was whether appellant was entitled to its attorney fees and expenses directly from the Jaye Trust, primarily under MCL 700.7904(1). That is, the

issue in the probate-court proceedings was whether and to what extent, if at all, appellant benefited the Jaye Trust. The issue in the circuit-court proceedings, in contrast, simply was whether Elaine Jaye was personally liable as a matter of contract for attorney fees and expenses. Thus, because resolution of the circuit-court action did not require an examination of the same operative facts as the probate-court action, summary disposition was inappropriate under MCR 2.116(C)(6).

However, we agree with the circuit court that summary disposition was appropriate under MCR 2.116(C)(7) on the basis of res judicata. "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001) (quotation marks and citation omitted). "A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Id*. (quotation marks and citation omitted).

Here, the probate-court proceedings, which culminated in the November 8, 2022 order denying appellant's claim for attorney fees and expenses from the Jaye Trust, satisfy all three elements of res judicata. First, the order constituted a decision on the merits. Second, the contract issue identified in the circuit-court complaint could have been maintained in the probate-court proceedings. Indeed, as explained in Part IV, *infra*, appellant is able to pursue its contract issue in the probate court under MCL 700.5429.[13] Third, both actions involved the same parties, appellant and Elaine Jaye. Thus, all three elements of res judicata are satisfied, and the circuit court correctly ruled that appellant's complaint was barred by that doctrine.

Accordingly, we conclude that while the circuit court erred by granting Elaine Jaye summary disposition under MCR 2.116(C)(6), it did not err by granting her summary disposition under MCR 2.116(C)(7).

## IV. DOCKET NO. 367580

In Docket No. 367580, appellant argues that the probate court erred by failing to accept its request for attorney fees and expenses in the amount of $53,433.69, plus interest, in the conservatorship case.[14] We generally agree.

---

[13] We also note that the breach-of-contract complaint could have been maintained in the probate-court proceedings. Under MCL 700.1303(1)(i), a probate court has concurrent jurisdiction with the circuit court to "[h]ear and decide a contract proceeding or action by or against an estate, trust, or ward." Because Elaine Jaye was a ward, the probate court had concurrent jurisdiction with the circuit court over appellant's breach-of-contract action. See *Crowley v Mich Realty Solutions*, unpublished per curiam opinion of the Court of Appeals, issued May 7, 2020 (Docket No. 341722) (holding that the probate and circuit courts had concurrent jurisdiction over a breach-of-contract action against a conservatorship).

[14] As noted, the probate court reserved a decision on appellant's request for attorney fees and expenses "pending a decision from the Michigan Court of Appeals," and it denied appellant's request for accrued interest.

-15-

MCL 700.5429 provides, in relevant part:

(1) A conservator may pay or secure from the estate a claim against the estate or against the protected individual arising before or during the conservatorship upon the presentation of the claim and allowance in accordance with the priorities in subsection (4). A claim may be presented by either of the following methods:

(a) The claimant may deliver or mail to the conservator a written statement of the claim indicating its basis, the name and mailing address of the claimant, and the amount claimed.

(b) The claimant may file a written statement of the claim with the court in the form prescribed by court rule and may deliver or mail a copy of the statement to the conservator.

(2) The court shall consider a claim presented when the conservator receives the written statement of claim or when the claim is filed with the court, whichever happens first. A presented claim is allowed if it is not disallowed by written statement mailed by the conservator to the claimant within 63 days after the presentation of the claim. The presentation of a claim tolls a statute of limitations relating to the claim until 28 days after the claim's disallowance.

(3) A claimant whose claim has not been paid may petition the court for determination of the claim at any time before it is barred by the applicable statute of limitations and, upon due proof, may procure an order for the claim's allowance, payment, or security from the estate. . . .

Simply put, MCL 700.5429 provides a procedure for a claimant to follow when seeking payment on a claim against a protected individual. Under MCL 700.5429(1), a claimant must present a claim by delivering it to the conservator or by filing it with the probate court. Further, under MCL 700.5429(2), "[a] presented claim is allowed if it is not disallowed by written statement mailed by the conservator to the claimant within 63 days after the presentation of the claim." Additionally, MCL 700.5429(3) provides that the probate court may "determin[e]" a claim as well. In any event, "[p]roperty vested in a conservator . . . and the protected individual's interest in that property is not subject to levy, garnishment, or similar process other than an order issued in the protective proceeding made as provided in [MCL 700.5429]."

In this case, the conservator for Elaine Jaye, Abu-Aita, through his counsel, acknowledged during the hearing on appellant's petition in the conservatorship case that "[t]his is the right way to do this. A claim or a petition for payment of fees in the conservatorship is how this should have been done four years ago." We agree with his assessment that under MCL 700.5429, an outstanding claim against a protected individual such as Elaine Jaye should be presented to the conservator for allowance or disallowance. Thus, appellant's claim for attorney fees and expenses from Elaine Jaye was properly presented to the conservator in the conservatorship case and should be considered under MCL 700.5429 and other related statutes. Indeed, the probate court itself implicitly acknowledges that the instant petition was the proper method for appellant to receive

payment on its claim, ruling only that "I'm going to take under advisement the motion under we hear from the Court of Appeals" in Docket Nos. 363847 and 366714.

Accordingly, having affirmed the court in those two cases, we vacate its decision in Docket No. 367580, and remand to that court for further proceedings.[15]

## V. CONCLUSION

In Docket Nos. 363847 and 366714, we affirm the probate court and the circuit court, respectively. However, in Docket No. 367580, we vacate the probate court's decision regarding attorney fees, expenses, and interest, and remand to that court for further proceedings consistent with our opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Michael J. Riordan
/s/ Thomas C. Cameron

---

[15] In doing so, we vacate the probate court's ruling as to attorney fees, expenses, and interest, while noting that the court retains the discretion to adjust these amounts as appropriate. See MCL 700.5413 ("If not otherwise compensated for services rendered, a visitor, guardian ad litem, attorney, physician, conservator, or special conservator appointed in a protective proceeding, is entitled to reasonable compensation from the estate."); *In re Bender's Estate*, 246 Mich 405, 408; 224 NW 381 (1929) ("The attorney for the guardian contends that, in the absence of any counter showing, the court could not depart from the value he placed, in his testimony, upon his professional services rendered the guardian. The court was fully informed of the nature and extent of the professional services rendered, and an exercise of sound discretion was not inhibited by the testimony of the attorney as to what he considered such services worth.").